UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Theresa Bailey,

        Plaintiff,

v.                                                    Civil No. 11-906 (JNE/AJB)
                                                    ORDER

Wells Fargo Bank, N.A., and
Reiter & Schiller, P.A.,

        Defendants.

In late March 2011, Plaintiff commenced this action in state court. With the consent of Reiter & Schiller, P.A., Wells Fargo Bank, N.A., removed the action to federal court on April 13, 2011. On May 2, 2011, Plaintiff moved for a temporary restraining order to prevent a mortgage foreclosure sale scheduled to take place on May 4, 2011.[1] The Court denies Plaintiff's motion.

To determine whether to grant a temporary restraining order, a court considers: (1) the likelihood of success on the merits; (2) the threat of irreparable harm absent the restraining order; (3) the balance between this harm and the harm experienced by other parties if the injunction issues; and (4) the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Injunctive relief is an extraordinary remedy, *see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987), and the party requesting the injunctive relief bears the "complete burden" of proving each factor listed above. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

In the Complaint, Plaintiff claims that Wells Fargo lacks standing to foreclose because "the note, mortgage, or both may have been assigned" and Wells Fargo has not shown a proper or valid chain of title; that Wells Fargo failed to approve her for a permanent modification under

---

[1]     In a letter dated March 29, 2011, Reiter & Schiller notified Plaintiff of the postponement of the foreclosure sale from March 30 to May 4, 2011.

1

the Home Affordable Modification Program; that Wells Fargo violated the Minnesota Prevention of Consumer Fraud Act; and that Wells Fargo violated the Minnesota Deceptive Trade Practices Act. In the memorandum in support of her motion, Plaintiff states that she "does not know if there is a defect in the chain of custody." Wells Fargo's response indicates that Wells Fargo originated the mortgage and that Wells Fargo did not assign it. On the limited record before the Court, the Court concludes that Plaintiff has failed to demonstrate that she has a fair chance of prevailing on her claim for "lack of standing" to foreclose or on any of her other claims. *See Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008). Because Plaintiff failed to demonstrate a fair chance of prevailing on her claims, the Court denies her motion for a temporary restraining order. *See CDI Energy Servs., Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 6] is DENIED.

Dated: May 3, 2011

                                                                                      s/ Joan N. Ericksen
                                                                                      JOAN N. ERICKSEN
                                                                                      United States District Judge